IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:05-CR-0391**
:
**v.** : **JUDGE SYLVIA H. RAMBO**
:
**REGINALD L. HOPKINS** :

# M E M O R A N D U M

Before the court is Defendant's motion to suppress evidence and sever criminal counts. The parties have briefed the issues and on December 21, 2005, the court held a hearing with respect to Defendant's motion. For the reasons that follow, the court will deny Defendant's motion to suppress and will reserve ruling on Defendant's motion to sever pending a telephonic hearing on January 10, 2006.

## I. Procedural History

On September 28, 2005, Defendant, Reginald Hopkins was charged in a four count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts I and III) and possession of a firearm during and in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Counts II and IV). On October 10, 2005, Defendant appeared before the Honorable J. Andrew Smyser and entered a plea of not guilty to the indictment. Defendant filed the instant motion to suppress and sever on November 11, 2005. The Government filed its response on November 30, 2005. The court held a hearing on Defendant's motion on December 21, 2005.

**II.       Discussion**

    **A.      Counts I and II**

Counts I and II arise from an incident that took place on September 21, 2004. The Government alleges that on September 21, 2004, Officer Webb of the Highspire Police Department stopped a vehicle Defendant was operating after Officer Webb noticed that the license plate light of the vehicle was not working properly. Officer Webb approached the vehicle and obtained operator information from Defendant. While at the vehicle, the officer noticed an odor of marijuana. Officer Webb returned to his vehicle and after checking the information, learned that Defendant was currently under suspension and that there was an active "arrest and return" warrant from the Harrisburg City Police. Officers Greeley and Weber arrived at the scene to assist Officer Webb, and Defendant was subsequently placed under arrest.

While arresting Defendant, Officer Greeley allegedly saw Defendant drop a small plastic baggie onto the street. The bag was collected and appeared to contain crack cocaine. At the December 21, 2005 hearing, Officer Weber testified that he saw in plain view a handgun protruding from under the driver's seat and retrieved it from the car. The handgun turned out to be a loaded Browning Hi Power, caliber 9 x 19 millimeter, semi-automatic pistol. The vehicle was impounded and Officer Weber applied for and received a search warrant. Following a subsequent search of the car, cocaine and marijuana were recovered.

Defendant argues that evidence on Counts I and II should be suppressed as fruit of an illegal search. Defendant did not testify at the hearing; however, Defendant's counsel asserted that the gun was not in plain view. Thus, according to Defendant, the discovery of evidence related to Counts I and II was the fruit of an unlawful search. The Government provided testimony that the gun was in plain

view. Additionally, the Government argued at the December 21, 2005 hearing that regardless of whether the gun was in plain view a search of the passenger compartment of the car would have been lawful. The court agrees with the Government.

> The Fourth Amendment guarantees:
>
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. As established by *New York v. Belton*, 453 U.S. 454, 460 (1981): "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." There is no debate that Defendant's arrest was lawful, and that the discovery of the weapon in the passenger compartment of Defendant's car was contemporaneous to his arrest. Accordingly, the seizure of the weapon from Defendant's car was not unlawful, regardless of whether it was the result of plain view discovery or a contemporaneous search incident to a lawful arrest. Defendant's motion to suppress evidence on Counts I and II will be denied.

### B. Counts III and IV

On October 1, 2004, Officer Weber, one of the same officers involved in the September 21, 2004 arrest, observed Defendant operating a vehicle after leaving a hearing related to his September 21, 2004 arrest at District Justice Semic's office in Steelton, Pennsylvania. Officer Weber was aware that Defendant's driving privileges had been suspended and followed Defendant to obtain the registration number. Before Officer Weber was able to obtain the registration number,

Defendant legally pulled into a parking lot and legally parked his car. Defendant then exited his car. Officer Weber also exited his car and approached Defendant. According to Officer Weber's testimony, before Officer Weber had an opportunity to identify himself to Defendant, Defendant addressed Officer Weber by name and indicated that he knew Officer Weber was a police officer. Officer Weber testified at the December 21, 2005 hearing that he was aware that Defendant had carried a loaded weapon in the past, and based upon this knowledge, he requested Defendant to place his hands where they could be seen.[1] However, according to Officer Weber's testimony, Defendant failed to do so. Officer Weber testified that he asked Defendant a second time to place his hands where they could be seen by Officer Weber, but Defendant again failed to do so. Defendant then fled on foot and escaped after a foot pursuit. Officer Weber then returned to Defendant's vehicle. Officer Weber testified that he looked into the window of the car and saw a small amount of marijuana in the coin holder in the center console. As a result of Officer Weber's observation, the vehicle was impounded. Officer Weber applied for and obtained a search warrant for the car, and as a result of the subsequent search of the car a Tec-DC9, semi-automatic 9mm automatic pistol, cocaine, and marijuana were recovered.

Defendant argues that the evidence on Counts III and IV should be suppressed because it was the fruit of an unlawful stop.[2] The Government responds

---

[1] The Government's brief opposing Defendant's motion to suppress indicates that Officer Weber told Defendant to place his hands on the car. For purposes of the instant motion the court finds that Officer Weber stopped Defendant; therefore, the court does not find it to be material whether Defendant was told to place his hands where Officer Weber could see them or to place his hands on the car.

[2] Defendant does not make any argument with respect to plain view of the marijuana in the center console or the legality of the search warrant. Rather, Defendant asserts that the initial stop of Defendant was illegal; thus, according to Defendant, the subsequent search warrant and the evidence obtained as a result are fruits of the alleged illegal stop.

that the stop was not unlawful and that the evidence should not be suppressed. The court agrees with the Government.

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *U.S. v. Arvizu*, 534 U.S. 266, 273 (2002). However, "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). To determine whether reasonable suspicion existed the court is to look to the totality of the circumstances to determine whether the detaining officer had a "particularized and objective basis" for suspecting legal wrongdoing. *U.S. v. Cortez*, 449 U.S. 411, 417-18 (1981).

For purposes of the instant motion, the court finds that on October 1, 2004 Officer Weber stopped and attempted to briefly detain Defendant. At that time, Officer Weber had a reasonable suspicion that Defendant was driving with a revoked driver's license. Officer Weber's reasonable suspicion was based on the September 21, 2004 arrest of Defendant, during which it was made known to Officer Weber that Defendant's driver's license had been revoked. Officer Weber was attempting to confirm his suspicion when Defendant pulled into a parking lot. The court finds that Officer Weber's reasonable suspicion is supported by articulable facts and that the stop of Defendant was justified. Accordingly, Defendant's motion to suppress evidence related to Counts III and IV will be denied.

Additionally, the court notes that the stop of Defendant is not related to the subsequent discovery of weapons and drugs in his car. Defendant pulled into a parking area and exited his car on his own accord. There was no action by Officer

Weber to compel Defendant to stop or exit his vehicle.  According to Officer Weber's testimony, at the time he stopped Defendant, Defendant's car door was closed and locked.  As stated, during Officer Weber's stop of Defendant, Defendant fled the scene.  Officer Weber testified that he returned to Defendant's car and looked in the window and could see marijuana in plain view.  Based upon his observation of the marijuana Officer Weber requested and obtained a search warrant.

It is well established that searches and seizures of knowingly criminal objects in plain view is presumptively reasonable.  *Payton v. New York*, 445 U.S. 573, 587 (1980).  As provided in *Katz v. U.S.*, 389 U.S. 347, 351 (1967): "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."  Moreover, there is a diminished expectation of privacy in an automobile.  *City of Indianapolis v. Edmond*, 531 U.S. 32, 53 (2000).  The stop of Defendant and the observation of the marijuana by Officer Weber are essentially two separate incidents, and the observation by Officer Weber of marijuana in plain view did not violate Defendant's rights under the Fourth Amendment.  Therefore, even if the stop of Defendant was not justified, the court would deny Defendant's motion to suppress evidence related to Counts III and IV.

Case 1:05-cr-00391-SHR   Document 31   Filed 01/06/06   Page 7 of 8

## III.         Conclusion

In accordance with the foregoing discussion, the court will deny Defendant's motion to suppress evidence on Counts I, II, III, and IV. With respect to Defendant's motion to sever the counts, the court will defer ruling pending a telephonic conference on January 10, 2006. An appropriate order will issue.

                                                                s/Sylvia H. Rambo
                                                                SYLVIA H. RAMBO
                                                                United States District Judge

Dated: January 6, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0391** |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **REGINALD L. HOPKINS** | : | |

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) Defendant's motion to suppress evidence in Counts I, II, III, and IV is **DENIED.**

2) The court will defer ruling on Defendant's motion to sever pending a telephonic conference on January 10, 2006 at 3 p.m. Defense counsel shall place the call.

                                                          s/Sylvia H. Rambo
                                                          SYLVIA H. RAMBO
                                                          United States District Judge

Dated: January 6, 2006.