IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

**v.**

**REGINALD L. HOPKINS**

: **CRIMINAL NO. 1:05-CR-0391**

: **JUDGE SYLVIA H. RAMBO**

## M E M O R A N D U M and ORDER

Before the court is Defendant's motion to suppress evidence and sever criminal counts. (Doc. 48.) The parties have briefed the issues, and on March 24, 2006, the court held a hearing with respect to Defendant's motion. For the reasons that follow, the court will deny Defendant's motion to suppress and will grant Defendant's motion to sever with certain conditions.

Defendant's motion to suppress sought to suppress certain statements made by Defendant during an interview with police officers and evidence obtained pursuant to a October 1, 2004 search warrant.

With respect to the suppression of statements, during the March 24, 2006 hearing, Defendant withdrew his objections. Accordingly, the court will not suppress any of the statements made by Defendant.

With respect to the evidence obtained pursuant to the October 1, 2004 search warrant, Defendant argues that Officer Weber could not have seen the marijuana in question from the window of Defendant's car.[1] Thus, Defendant argues

---

[1] Officer Weber testified that he looked into the window of the car and saw a small amount of marijuana in the coin holder in the center console. As a result of Officer Weber's observation, the vehicle was impounded. Officer Weber applied for and obtained a search warrant for the car, and as a result of the subsequent search of the car a Tec-DC9, semi-automatic 9mm automatic pistol, cocaine, and marijuana were

(continued...)

that Officer Weber did not possess the requisite probable cause to obtain a search warrant. In support of his position Defendant introduced pictures from the window of similar make and model of car as the car driven by Defendant on October 1, 2004. Defendant attempts to use these pictures to show that the marijuana in question was not visible from the car window. In response, the Government also produced pictures of a similar car from a similar vantage point in an attempt to establish that Officer Weber could have seen the marijuana in question.

While the pictures do raise the issue of visibility, they are simply not enough to refute Officer Weber's sworn affidavit that he could see what he believed was marijuana through the car window.[2] The court finds that Officer Weber possessed the requisite probable cause to obtain a search warrant. Accordingly, the court will deny Defendant's motion to suppress evidence obtained pursuant to the October 1, 2004 search warrant.

Also pending before the court is Defendant's motion to sever. Defendant seeks to sever the offenses of September 1, 2004, October 1, 2004, and February 10, 2005. According to Defendant, the counts arise from three completely different set of facts, none of which would be admissible in a separate trial. In response, the Government asserts that the counts are properly joined as they involve virtually identical offenses. The court is concerned about potential prejudice that Defendant may experience if all counts are brought together. Thus, the court will provide that initially the three sets of counts are to be severed.

---

[1](...continued)
recovered.

[2]The substance that Officer Weber believed was marijuana tested positively as marijuana.

The Government contends that it should be allowed to present evidence that Defendant had been stopped on two other occasions within a six month period while driving a car with a handgun under the front seat. According to the Government such evidence is admissible under Federal Rule of Evidence 404(b). Rule 404(b) provides in relevant part that evidence of "other crimes, wrongs, or acts" is admissible for "purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In the instant case, the Government argues that said evidence would be probative with respect to Defendant's knowledge of the weapon in his car. The Government argues that the probative value of such information would outweigh any prejudice to Defendant.

The court finds the Government's argument to be convincing and will allow the government to introduce said evidence; however, the Government may not introduce evidence that there are additional counts pending against Defendant. Additionally, the Government shall provide the court with a limiting instruction that the court will provide the jury.

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED**:

1) Defendant's motion to suppress statements made by Defendant is **WITHDRAWN**.

2) Defendant's motion to suppress evidence obtained pursuant to the October 1, 2006 search warrant is **DENIED**.

3) Defendant's motion to sever is **GRANTED** as follows:

A) The counts related to the offenses of September 1, 2004 (Counts I and II), October 1, 2004 (Counts III and IV), and February 10, 2005 (Counts V and VI) are initially severed. The Government shall choose which set of

Counts it intends to bring first and notify the court and Defendant. The court reserves ruling on the severance of the remaining Counts pending the disposition of the first trial.

        B) The Government shall file an amended superceding indictment that changes Count VII from one count to three separate counts applicable to each set of existing counts.

        C) The Government shall be allowed to present evidence that Defendant had been stopped on two other occasions within a six month period while driving a car with a handgun under the front seat. The Government shall not introduce to the jury that additional charges are pending against Defendant.

        D) The Government shall provide the court with a limiting instruction to be given to the jury as to the limited use of the aforementioned evidence.

        /s/ Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: March 24, 2006.